# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### MAY 1997 SESSION

**FILED**

**July 2, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **MARCUS McCRARY,** | ) | |
| | ) | **C.C.A. NO. 02C01-9701-CR-00002** |
| Appellant, | ) | |
| | ) | **SHELBY COUNTY** |
| VS. | ) | |
| | ) | **HON. W. FRED AXLEY,** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | (Post-conviction) |

FOR THE APPELLANT:                    FOR THE APPELLEE:

**RICHARD F. VAUGHN**                    **CHARLES W. BURSON**
1928 - 100 N. Main                          Attorney General & Reporter
Memphis, TN  38103
                                                    **DEBORAH A. TULLIS**
                                                    Asst. Attorney General
                                                    450 James Robertson Pkwy.
                                                    Nashville, TN  37243-0493

                                                    **WILLIAM L. GIBBONS**
                                                    District Attorney General

                                                    **ALANDA HORNE**
                                                    Asst. District Attorney General
                                                    201 Poplar Ave. -- 3rd Floor
                                                    Memphis, TN  38103

OPINION FILED:_____

**AFFIRMED -- RULE 20**

**JOHN H. PEAY,**
Judge

## O P I N I O N

The petitioner pled guilty to one count of voluntary manslaughter for which he received a plea bargained sentence of six years to be served consecutively to a prior sentence. He subsequently filed for post-conviction relief alleging ineffective assistance of counsel, and that his guilty plea was not entered knowingly and voluntarily because he thought his six year sentence was going to be served concurrently with the prior sentence. After a hearing, the court below denied relief finding "no substantial evidence that [the petitioner's lawyer] failed to consult with and advise [him] with a reasonable exercise of professional discretion" and that her "performance fell well within the acceptable range of competency for lawyers in criminal cases." The court below further found that the petitioner's guilty plea "was knowingly made and that adequate measures were employed to assure the protection of [his] constitutionally guaranteed rights." Upon our review of the record, we find that the evidence does not preponderate against the lower court's findings. Accordingly, the judgment below is affirmed in accordance with Rule 20 of the Court of Criminal Appeals of Tennessee.

_____
JOHN H. PEAY, Judge


CONCUR:


_____
GARY R. WADE, Judge


_____
THOMAS T. WOODALL, Judge

2